UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INTERFOOD HOLDING, B.V., a legal entity organized under the laws of The Netherlands, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) No. ) |
| LARRY RICE and MICHAEL HUSMANN, Missouri Citizens, and DF INGREDIENTS, INC., a Missouri Corporation, | ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff INTERFOOD HOLDING, B. V. ("Interfood Holding") hereby submits its Complaint for false and deceptive advertising, trademark infringement, and injurious falsehood against Defendants  LARRY RICE (a/k/a Edward L. Rice) ("Rice"), MICHAEL HUSMANN ("Hussman") and DF INGREDIENTS, INC. (DF Ingredients") (Rice, Husmann and DF Ingredients are sometimes referred to collectively as the "Defendants").

**Parties, Jurisdiction and Venue**

1. Interfood Holding is a besloten vennootschap, which is an entity organized and existing under the laws of the Netherlands, with its principal place of business in the Netherlands, and is a citizen or subject of the Netherlands.

2. Defendant Rice is a Missouri citizen residing in St. Louis County, Missouri.

3. Defendant Husmann is a Missouri citizen residing in Franklin County, Missouri.

4. DF Ingredients is a Missouri corporation with its principal place of business in Franklin County, Missouri, and is a citizen of Missouri.

5. Rice is DF Ingredient's registered agent. Rice is also Vice President of DF Ingredients, while Husmann is President of DF Ingredients.

6. Interfood Holding asserts claims for false and deceptive advertising, trademark infringement and unfair competition under Sections 43(a) of the Lanham Act. This Court, therefore, has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338. This Court has subject matter jurisdiction over the related state common law claims raised in this action pursuant to 28 U.S.C. §§ 1367 and 1338(b).

7. This Court has personal jurisdiction over Defendants. Rice and Husmann reside in this District, and DF Ingredients is a Missouri corporation with a principal place of business in this District. Defendants operate a website, www.interfood.us, in this District under trade names and trademarks that infringe Interfood Holding's trade name and mark. Further, all Defendants have engaged in acts constituting the commission of a tort within the State of Missouri that impacts or affects residents of the State of Missouri.

8. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants are citizens of Missouri and reside in this District, and a substantial part of the events giving rise to these claims occurred and continues to occur in this District.

**Background**

9. Interfood Holding, through related companies and persons (collectively, the "Interfood Group") began using the trade name and mark INTERFOOD in the United States since 1994 in connection with the distribution, marketing, sourcing, and sale of milk, milk powders, milk protein concentrates, anhydrous milk fat and blends, buttermilk, butter, cheese, lactose, whey powders, whey protein concentrates, whey protein isolates, casein, caseinate and other similar dairy goods, products and ingredients ("Dairy Goods"). Interfood Holding and the

2

Interfood Group used INTERFOOD to promote a number of services, including but not limited to acting as a broker of Dairy Goods, acting as a trader of Dairy Goods, purchasing Dairy Goods, and entering into contracts for the purchase of Dairy Goods from suppliers and then sells those Dairy Goods at a profit (the "Dairy Business").

10. Since first using the INTERFOOD trade name and trademark, Interfood Holding and the Interfood Group have used the name exclusively and continuously in connection with the Dairy Goods and the Dairy Business services. Since February 11, 1999, Interfood Holding has operated and displayed the INTERFOOD name on its website (www.interfood.com) accessible in the United States. As a result, Interfood Holding and the Interfood Group have established themselves as recognized providers and purchasers of Dairy Goods and Dairy Business services.

11. Interfood Holding's and the Interfood Group's continuous and extensive use and promotion of the INTERFOOD name has resulted in the creation of substantial goodwill and name recognition throughout much of the United States' and the world's dairy industry.

12. Tepco BV ("Tepco"), a Netherlands company that is a wholly-owned subsidiary of Interfood Holdings and a member of the Interfood Group, is a majority shareholder of Waltepco Holding Company ("Waltepco"), an Indiana Corporation. Rice is a minority shareholder of Waltepco.

13. In 2003 Interfood, Inc., an Indiana Corporation, which is a wholly-owned subsidiary of Waltepcoestablished operations in Union, Missouri and, with Interfood Holding's authorization, began using the INTERFOOD trademark in connection with Dairy Business services in Missouri. At this time Husmann was President and Rice was Vice President of Interfood, Inc., and both were Directors of Interfood, Inc.

14. On June 25, 2003, Rice registered in his name, but with Interfood, Inc. funds, the

3

domain name interfood.us, and Rice subsequently began using the domain name as an address for a website promoting the INTERFOOD mark and trade name in connection with Dairy Business services.

15. Effective September 1, 2006, the shareholder of Interfood, Inc. removed Rice and Husmann as Directors of Interfood, Inc.

16. On September 15, 2006, Rice and Husmann, with others, organized and incorporated DF Ingredients.  DF Ingredients began marketing Dairy Goods to customers and suppliers in the Dairy Business under the name and mark "DF Ingredients."

17. On or about September 26, 2006, Husmann terminated his position as an employee of Interfood, Inc. but continued to be an independent contractor performing services for and on behalf of Interfood, Inc.

18. On or about November 9, 2006, Interfood, Inc. terminated Rice as an employee of Interfood, Inc. and terminated Husmann as an independent contractor for Interfood, Inc.

19. Since this time and despite their terminations, Defendants have controlled and used the website www.interfood.us to communicate false, misleading, deceptive and disparaging statements of fact regarding the Defendants' relationship with Interfood Holding, Interfood, Inc. and the Interfood Group.  The false, misleading, deceptive and disparaging statements include:

- "With Interfood Holland's encouragement Mr. Husmann left Interfood Inc. in October 2007 and now is President of his own company: DF Ingredients, Inc. [and Mr. Husmann did] so with Interfood-Holland's blessing."

Defendant Husmann did not leave Interfood, Inc. and start DF Ingredients with Interfood Holding's blessing or encouragement.  Although an agreement was reached regarding Defendant Husmann's departure from Interfood, Inc., neither Interfood Holding nor the Interfood Group

4

encouraged, recommended, promoted or blessed the founding of DF Ingredients or, by implication, Defendants' use of the interfood.us domain name.

- "Mr. Rice remains with Interfood Inc. as its CEO."

The issue of who controls Interfood, Inc. is being litigated in a state court lawsuit pending in Franklin County, Missouri.  On January 11, 2008, the court in that case issued an order holding that Tepco, as majority shareholder of Waltepco controls the Board of Directors for Waltepco and has had such control since August, 2006.  Tepco, therefore, controls the Board of Directors of Waltepco's wholly-owned subsidiary, Interfood, Inc., and Tepco has had such control since August, 2006.  Tepco thus had the power to cause Interfood, Inc. to terminate Rice's employment with Interfood, Inc. in November 2006, so that Rice is not CEO of Interfood, Inc.

- "The [shareholders] agreement requires the affirmative vote of seventy-percent (70%) of the shares to make any substantive changes in the management of [Interfood and]… the shareholder agreement gives Interfood Inc. the Exclusive Right to Source and Sell product in the US and Canada for the entire Interfood Group Worldwide."

The referenced shareholder agreement applies only to management changes in and certain actions taken by Waltepco, not Interfood, Inc.  Rice remains an officer of Waltepco, but is not an officer of Interfood, Inc., and the shareholder agreement has nothing to do with Interfood, Inc.'s rights with respect to the Interfood Group.  In addition, any right that Interfood, Inc. had to "Source and Sell product in the US and Canada for the entire Interfood Group Worldwide" was terminated in 2006 and thus is no longer in effect.

- "…Interfood-Holland would rather dissolve the company in an attempt at making the [shareholders] agreement mute."

Any dissolution of Interfood, Inc. would not effect the shareholder agreement and would not make it "mute."

20. Defendants have included on the www.interfood.us website a link to DF Ingredients' website and DF Ingredients' email address, along with a request that consumers

5

contact the DF Ingredients, although the company is a competitor of Interfood Holding and the Interfood Group.

21. Despite lacking any authorization to use the INTERFOOD trade name and trademark, Defendants have used and continue to use INTERFOOD and the domain name interfood.us in connection with the Dairy Goods and Dairy Business services to suppliers and consumers. In so doing, Defendants have succeeded in creating the false belief or impression throughout the dairy trading industry that DF Ingredients is endorsed, sponsored and/or associated by and with Interfood Holding and the Interfood Group.

22. Defendants' actions are a deliberate and willful attempt to create an appearance among the parties' consumers and potential consumers that DF Ingredients is endorsed, sponsored and/or associated by and with Interfood Holding and the Interfood Group.

23. On December 15, 2006, Interfood Holding, through an affiliated company, sent Defendants a letter requesting that the inaccurate and misleading information post on the website be removed. To date, this request has been ignored. A true and accurate copy of this letter is attached hereto and incorporated herein by reference as Exhibit A.

24. The foregoing conduct has occurred in interstate commerce.

## COUNT I - FALSE AND DECEPTIVE ADVERTISING UNDER SECTION 43(a) OF THE LANHAM ACT

25. Interfood Holding restates paragraphs 1 through 24 as if fully set forth herein.

26. Defendants' use of INTERFOOD by itself and as part of the domain name interfood.us on the website www.interfood.us, and Defendants' statements implying a continued relationship with Interfood Holdings and the Interfood Group, constitute misrepresentations in commercial advertising or promotion regarding the nature, characteristics, or qualities of Defendants' goods and services in violation of 15 U.S.C. §.1125(a)(1)(B)

6

27. Defendants' violation of 15 U.S.C. §.1125(a)(1)(B) is and has been deliberate, intentional and willful.

28. Defendants' acts are greatly and irreparably damaging Interfood Holding and will continue to damage Interfood Holding unless enjoined by this Court.

29. Defendants have been, and are likely to continue to be, unjustly enriched by their infringing conduct.

30. Because of Defendants' wrongful conduct, this is an "exceptional case" under the Lanham Act.

## Prayer for Relief

WHEREFORE, Plaintiff INTERFOOD HOLDING, B.V. requests that judgment be entered in its favor and against Defendants LARRY RICE, MICHAEL HUSMANN and DF INGREDIENTS, INC. and that:

   a. This Court award Plaintiff all damages and other monetary relief available under 15 U.S.C. § 1117 as a result of Defendants' wrongful conduct, such damages and monetary relief including, but not limited to, actual damages, statutory damages, lost profits, Defendants' profits, treble damages, and attorneys' fees;

   b. This Court enter injunctive relief ordering Defendants to:

      i. Cease use of their website, www.interfood.us;

      ii. Cease all use of INTERFOOD in connection with its website and any other similar name or mark which is otherwise confusingly similar to the INTERFOOD name and mark;

      iii. Refrain from doing any other act or thing likely to induce the belief that DF Ingredients' business, services, or products are in any way legitimately connected with, sponsored by, or approved by Plaintiff or the Interfood Group;

7

   c. This Court award Plaintiff such other and further relief, including costs, as this Court deems just and equitable.

## COUNT II - TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT

31. Interfood Holding restates paragraphs 1 through 24 as if fully set forth herein.

32. The foregoing conduct of Defendants, including its use of INTERFOOD and the domain name interfood.us, and Defendants' statements implying a continued relationship with Interfood Holdings and the Interfood Group, is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, or approval of DF Ingredient's products and services in that consumers and others are likely to believe that Interfood Holding authorizes or controls the sale of DF Ingredients' products or services, or that Interfood Holding and the Interfood Group is associated with or related to DF Ingredients, in violation of 15 U.S.C. § 1125(a)(1)(A).

33. Defendants' violation of 15 U.S.C. §.1125(a)(1)(A) is and has been deliberate, intentional and willful.

34. Defendants' acts are greatly and irreparably damaging to Interfood Holding and will continue to damage Interfood Holding unless enjoined by this Court.

35. Because of Defendants' infringing conduct, this constitutes an "exceptional case" under the Lanham Act.

### Prayer for Relief

WHEREFORE, Plaintiff INTERFOOD HOLDING, B.V. requests that judgment be entered in its favor and against Defendants LARRY RICE, MICHAEL HUSMANN and DF INGREDIENTS, INC. and that:

    a.    This Court award Plaintiff all damages and other monetary relief available under 15 U.S.C. § 1117 as a result of Defendants' wrongful conduct, such damages and monetary relief including, but not limited to, actual damages, statutory damages, lost profits, Defendants' profits, treble damages, and attorneys' fees;

    b.    This Court enter injunctive relief ordering Defendants to:

        i.    Cease use of their website, www.interfood.us;

        ii.    Cease all use of INTERFOOD in connection with its website and any other similar name or mark which is otherwise confusingly similar to the INTERFOOD name and mark;

        iii.    Refrain from doing any other act or thing likely to induce the belief that DF Ingredients' business, services, or products are in any way legitimately connected with, sponsored by, or approved by Plaintiff or the Interfood Group;

    c.    This Court award Plaintiff such other and further relief, including costs, as this Court deems just and equitable.

## COUNT III – WRONGFUL USE OF A DOMAIN NAME UNDER SECTION 43(d) OF THE LANHAM ACT

36.    Interfood Holding restates paragraphs 1 through 24 as if fully set forth herein.

37.    Defendants, as the registrant or the authorized licensee of the registratant of the domain name interfood.us, are using a domain name that is identical or, at the very least, confusingly similar to Interfood Holding's INTERFOOD mark, with a bad faith intent to profit from the mark, in violation of 15 U.S.C. § 1125(d).

38.    Defendants' violation of 15 U.S.C. §.1125(d) is and has been deliberate, intentional and willful.

39.    Defendants' acts are greatly and irreparably damaging to Interfood Holding and will continue to damage Interfood Holding unless enjoined by this Court.

40.    Because of Defendants' infringing conduct, this constitutes an "exceptional case" under the Lanham Act.

9

**Prayer for Relief**

WHEREFORE, Plaintiff INTERFOOD HOLDING, B.V. requests that judgment be entered in its favor and against Defendants LARRY RICE, MICHAEL HUSMANN and DF INGREDIENTS, INC. and that:

    a.    This Court award Plaintiff all damages and other monetary relief available under 15 U.S.C. §§ 1117 and 1125(d) as a result of Defendants' wrongful conduct, such damages and monetary relief including, but not limited to, actual damages, statutory damages (including, if elected by Plaintiff, statutory damages under 15 U.S.C. § 1117(d)), lost profits, Defendants' profits, treble damages, and attorneys' fees;

    b.    This Court enter injunctive relief ordering Defendants to:

        i.    Cease use of their website, www.interfood.us;

        ii.    Transfer the interfood.us to Interfood Holding;

        iii.    Cease all use of INTERFOOD in connection with its website and any other similar name or mark which is otherwise confusingly similar to the INTERFOOD name and mark;

        iv.    Refrain from doing any other act or thing likely to induce the belief that DF Ingredients' business, services, or products are in any way legitimately connected with, sponsored by, or approved by Plaintiff or the Interfood Group;

    c.    This Court award Interfood such other and further relief, including costs, as this Court deems just and equitable

**COUNT IV – COMMON LAW TRADEMARK INFRINGEMENT**

41.    Interfood Holding restates paragraphs 1 through 24 as if fully set forth herein.

42.    Defendants' use of the trade name INTERFOOD in the website domain name www.interfood.us is likely to cause confusion among consumers as to the source of DF Ingredients' products and cause the mistaken belief that Interfood Holding's and DF Ingredients' businesses are affiliated, or that their products originate from the same source.

43.    Defendants' use of the trade name INTERFOOD, therefore, infringes Interfood Holding's common law trademark rights in the name mark INTERFOOD, resulting in damages

to it.

44. Defendants' wrongful use of INTERFOOD in the domain name www.interfood.us is a deliberate, intentional and willful attempt to injure Interfood Holding's business, to trade on its business reputation, to palm off or pass off Defendants' products as coming from Interfood Holding or the Interfood Group, and/or to confuse and deceive consumers. Defendants have been and are likely to continue to be unjustly enriched by their infringing conduct.

45. Defendants' acts are greatly and irreparably damaging to Interfood Holding and will continue to damage Interfood Holding unless enjoined by this Court.

### Prayer for Relief

WHEREFORE, Plaintiff INTERFOOD HOLDING, B.V. requests that judgment be entered in its favor and against Defendants LARRY RICE, MICHAEL HUSMANN and DF INGREDIENTS, INC. and that:

    a. This Court award Plaintiff all damages and other monetary relief available as a result of Defendants' wrongful conduct.

    b. This Court enter injunctive relief ordering Defendants to:

        i. Cease all use of the www.interfood.us website and any other similar name or mark which is otherwise confusingly similar to the INTERFOOD name and mark;

        ii. Refrain from doing any other act or thing likely to induce the belief that Defendants' business, services, or products are in any way legitimately connected with, sponsored by, or approved by Plaintiff;

        iii. This Court award Interfood such other and further relief, including costs, as this Court deems just and equitable.

### COUNT V – INJURIOUS FALSEHOOD

46. Interfood Holding restates paragraphs 1 through 24 as if fully set forth herein.

47. Defendants have included statements on their website www.interfood.us. regarding Interfood Holding which are false and harmful to Interfood Holding's interest.

48. Defendants published these statements knowing that they were false and in reckless disregard of their truth or falsity.

49. Defendants published these statements with the intention to harm, or at least should have recognized the likelihood of harm to, the pecuniary interest of Interfood Holding.

50. Interfood Holding has suffered pecuniary loss as a result of Defendants' false statements.

### Prayer for Relief

WHEREFORE, Plaintiff INTERFOOD HOLDING, B.V. requests that judgment be entered in its favor and against Defendants LARRY RICE, MICHAEL HUSMANN and DF INGREDIENTS, INC. and that:

a. Injunctive relief precluding Defendants from further use of false, reckless and/or disparaging statements regarding Plaintiff on Defendants' website;
b. Compensatory damages including, but not limited to, an amount equal to lost profits resulting from Defendants' false and misleading statements;
c. All other relief as this Court deems just and equitable.

RESPECTFULLY SUBMITTED,

BY:   /s/ Thomas Cummings
Thomas Cummings           #2910
Andrew B. Mayfield         #3779
Jeffrey L. Schultz           #507243
ARMSTRONG TEASDALE, LLP
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
(314) 621-5065 (facsimile)

ATTORNEYS FOR PLAINTIFF
INTERFOOD HOLDING, B.V.