```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                      EASTERN DIVISION
```

**INTERFOOD HOLDING, B.V.,**        )
                                     )
       **Plaintiff,**        )
                                     )
       vs.                   )    No. 4:08CV85-DJS
                                     )
**LARRY RICE, MICHAEL HUSMANN, and** )
**DF INGREDIENTS, INC.,**            )
                                     )
       **Defendants.**       )

<u>**ORDER**</u>

      Plaintiff Interfood Holding, B.V. is a Dutch company. Defendants Michael Husmann and Larry Rice were once the President and Vice President, respectively, of Interfood, Inc., and both served on Interfood, Inc.'s Board of Directors. Husmann and Rice then allegedly formed defendant DF Ingredients, Inc., a competing dairy foods business. Plaintiffs bring claims alleging, among other things, that defendants have engaged in trademark infringement by their use of plaintiff's INTERFOOD trade name and Green Triangle trademark. Now before the Court are plaintiff's motion for a preliminary injunction and a related motion to strike a declaration that plaintiff has filed in support of its preliminary injunction request.

      The particular relief plaintiff seeks in the instant motion is a preliminary injunction requiring that defendants:

    (a) Inactivate the interfood.us domain name;

(b) Cease all use of the Triangle Logo or any similar symbol in any medium;

(c) Cease all use of the INTERFOOD mark in a manner that suggests a relationship between the parties; and

(d) refrain from publishing any representations in a commercial context that are inconsistent with six prescribed statements concerning the parties' relationship.

In its reply brief [Doc. #47], plaintiff appears to have narrowed the scope of the preliminary injunction sought, focusing on defendant Larry Rice's use of the interfood.us domain name and the use by defendants Michael Husmann and DF Ingredients of the Triangle Logo on the DF Ingredients website.[1]

The factors pertinent to the Court's preliminary injunction determination are well known:

> In determining whether to grant a preliminary injunction a court considers (1) the probability of the movant's success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of the preliminary injunction is in the public interest. See Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir.1981) (en banc).

---

[1] Defendants Michael Husmann and DF Ingredients, by Hussmann's affidavit, disclaim any control over the interfood.us website, and therefore argue that no injunction is properly addressed to them as to that website or domain name. Plaintiff's reply similarly refers particularly to defendant Larry Rice's use of that domain name, appearing to concede defendants' factual assertions as to defendant Rice's control of the website.

Coca-Cola Co. v. Purdy, 382 F.3d 774, 782 (8th Cir. 2004). "A district court has broad discretion when ruling on preliminary injunction requests[.]" Id., *citing* United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1179 (8th Cir. 1998).

In support of its motion, plaintiff argues that it is likely to succeed on its trademark infringement claims, because (1) plaintiff's INTERFOOD mark and Green Triangle Logo have priority over defendants' use of INTERFOOD, the domain name "interfood.us," and the Green Triangle Logo, and (2) defendants' use of these marks is likely to cause consumer confusion. Husmann and DF Ingredients note that plaintiff has not asserted that it has a registered trademark in either INTERFOOD or the Green Triangle Logo, and contend that both are generic or weak descriptive marks not shown to have secondary meaning, and thus are not entitled to trademark protection. In its reply, plaintiff argues to the contrary that both marks are inherently distinctive and therefore presumptively enforceable as trademarks.

"When evaluating a Lanham Act claim for infringement of an unregistered mark, courts must determine whether the mark is protectable, and if so, whether there is a likelihood of confusion as a result of the would-be infringer's use of the mark." Tumblebus Inc. v. Cranmer, 399 F.3d 754, 761 (6th Cir. 2005). For the instant purposes, the marks at issue are categorized as generic, descriptive, suggestive, or arbitrary. "Generic and

descriptive marks are generally not protectible. Suggestive and arbitrary marks are inherently distinctive and protectible." Schwan's IP, LLC v. Kraft Pizza Company, 460 F.3d 971, 974 (8th Cir. 2006).

Plaintiff, who bears the burden, has offered little analysis in support of its contention that INTERFOOD and the Green Triangle Logo are inherently distinctive. At this stage of the litigation, the Court is inclined to the view that INTERFOOD is a descriptive mark in that it conveys two characteristics of the **inter**national **food** company it names. As for the Green Triangle Logo, the Court is unpersuaded on the record to date that the plain solid green triangle is shown to be inherently distinctive and protectible as a trademark.

Plaintiff's support for its claim of protectability and priority is the declaration of Dirk Neerhoff, plaintiff's Chief Financial Officer, asserting that INTERFOOD and the Green Triangle Logo have been used by plaintiff and affiliated companies in the dairy industry "for years" and are "well known" in the dairy industry. Neerhoff Decl. [Doc. #22-2], ¶¶4 & 5. This is countered by the affidavit of defendant Husmann, based on his experience and active involvement in the dairy industry, attesting to his belief that the word "Interfood" is merely descriptive of "the fact that the Interfood Group is an international food company." Husmann Affidavit [Doc. #35-2], ¶7. Husmann further asserts that the Green

Triangle Logo is not well-known in the dairy industry and is not recognized as associated with the Interfood Group.

Defendants further point to the use of the name "Interfood" by a dozen or more unrelated companies the world over, for goods and services relating to food. Plaintiff attempts to distinguish these as not relevant to plaintiff's claims for use in the dairy industry in the United States, but is not successful, in the Court's view, in demonstrating the distinctiveness of the term in the defined market. Even if deemed to merit inclusion in the "descriptive" category of trademark classification, the INTERFOOD mark is not shown by persuasive evidence to have achieved the secondary meaning necessary to trademark protection in that category, in view of the relative weakness of the dueling party affidavits on the strength and recognition of the mark in the market.

Neither does plaintiff make a strong showing as to likelihood of confusion. Plaintiff contends that the identity of its marks and those used by defendants, along with the use of the marks in the same geographic area for the same class of goods and services, clearly support that there exists a likelihood of confusion. This is diminished by defendant's suggestion that plaintiff has failed to adduce evidence that plaintiff continues to sell dairy products in the United States at this time. Plaintiff further asserts that a likelihood of confusion is supported by

defendants' evident intent to derive benefit from the reputation of the marks in the industry through the suggestion of an ongoing relationship between the parties.  The facts offered in plaintiff's memorandum on this point (Doc. #22 at p.10), concerning the interfood.us website and the link there to dfingredients.com, are made without citation to any evidence.  Pltf. Exh. E is a printout that seems to show such a link, but Exh. F shows the page on a later date without the link.

Neerhoff's affidavit attests to "several customer inquiries regarding the interfood.us website, the relationship between Defendants and the Interfood Group, and Defendants' authorizations with respect to Interfood Holding's business activities."  Def. Exh. A [Doc. #22-2], ¶18.  The lack of any detail in the summary description of these inquiries [customers not identified, no dates of alleged inquiries, no sworn statements from customers] limits the power and persuasiveness of the averment. See, e.g., Cellular Sales, Inc. v. Mackay, 942 F.2d 483, 486 (8th Cir. 1991), *quoting* Co-Rect Prods., Inc. v. Marvy! Adv. Photography, Inc., 780 F.2d 1324, 1333 (8th Cir. 1985).

On the irreparable harm factor, plaintiff also falls short of a persuasive showing in support of preliminary injunctive relief.  Plaintiff contends that it is entitled to a presumption of irreparable harm because of the demonstrated likelihood of confusion resulting from the trademark infringement.  As discussed

above, defendants successfully dispute that plaintiff has met the burden of establishing customer confusion. Defendants suggest that plaintiff has failed to adduce evidence that (after the parties' split) plaintiff continues to sell dairy products within the United States. In reply, plaintiff appears to rely upon Interfood, Inc. revenues in 2005 when Hussmann and Rice were associated with the business. Plaintiff asserts that the INTERFOOD mark continues to be used in the United States at trade shows and by an unspecified conduct of business, but no evidence is cited in support. Pltf. Reply [Doc. #47], p.4.

For all the foregoing reasons, the Court is unpersuaded that plaintiff has shown a likelihood of success or irreparable harm on its trademark infringement claims. No preliminary injunctive relief will therefore be granted based on that cause of action.

Plaintiff also asserts a likelihood of success on its claim for wrongful use of a domain name under 15 U.S.C. §1125(d). Plaintiff's exhibits indicate that plaintiff registered the domain name "interfood.com" in 1999 for use in the dairy business. The confusing similarity -- the applicable standard under this statute -- between defendant Rice's "interfood.us" and plaintiff's "interfood.com" is plain. The other element of such a claim is use of the domain name with a bad faith intent to profit from plaintiff's mark. Plaintiff contends that a strong likelihood of

success on this element is supported by the content of the interfood.us site, where the rival DF Ingredients, Inc. is promoted and claims are made about the formation of DF Ingredients because of malfeasance by Interfood but with the approval of "Interfood Holland." The statements made at interfood.us disparage plaintiff, and support a finding of bad faith intent under one of the statutory factors, namely:

> "[defendant's] intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site[.]"

15 U.S.C. §1125(d)(1)(B)(i).

Beyond the likelihood of success factor, the Court finds that the balance of the harms, consideration of irreparable harm, and the public interest each also weigh in favor of an injunction requiring inactivation of the interfood.us domain name pending further order of Court.

Upon careful consideration of the record and the arguments offered at this juncture, and for all the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Husmann and DF Ingredients, Inc.'s motion to strike the declaration of Dirk Neerhoff [Doc. #36] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction [Doc. #21] is granted in part as to the use of the domain name "interfood.us" but is otherwise denied.

Dated this __11th__ day of August, 2008.

                                        _/s/ Donald J. Stohr_
                                        UNITED STATES DISTRICT JUDGE