```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION


INTERFOOD HOLDING, B.V.,              )
                                      )
           Plaintiff,                 )
                                      )
      vs.                             )    No. 4:08CV85-DJS
                                      )
LARRY RICE, MICHAEL HUSMANN, and      )
DF INGREDIENTS, INC.,                 )
                                      )
           Defendants.                )
```

## ORDER

Plaintiff Interfood Holding, B.V. is a Dutch company. Defendants Michael Husmann and Larry Rice were once the President and Vice President, respectively, of Interfood, Inc., an Indiana corporation in which plaintiff has an interest, and both served on Interfood, Inc.'s Board of Directors. Husmann and Rice then allegedly formed defendant DF Ingredients, Inc., a competing dairy foods business. Plaintiff brings claims alleging, among other things, that defendants have engaged in trademark infringement by their use of plaintiff's INTERFOOD trade name. Now before the Court are separate motions for summary judgment filed by counsel on behalf of defendants Husmann and DF Ingredients and by defendant Rice, acting pro se.

In determining whether summary judgment should issue, the facts and inferences from these facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the

movant to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the movant has met this burden, however, the non-moving party may not rest on the allegations in its pleadings but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). See also 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure §2739 (1983).

The Supreme Court has indicated that: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action'." Celotex, 477 U.S. at 327 (quoting Fed.R.Civ.P. 1). Thus, the non-moving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'." Id. at 587. The Eighth Circuit has acknowledged that the trilogy of Supreme Court opinions demonstrates that the courts should be "more hospitable to summary judgments than in the past" and that a motion for summary judgment "can be a tool of great utility in removing

2

factually insubstantial cases from crowded dockets, freeing courts' trial time for those cases that really do raise genuine issues of material fact." City of Mt. Pleasant, Iowa v. Associated Electric Cooperative, Inc., 838 F.2d 268, 273 (8th Cir. 1988).

Rice's motion first seeks summary judgment on a number of plaintiff's factual allegations, as to which Rice contends plaintiff has failed to produce substantive supporting evidence in response to Rice's discovery requests. For the reasons suggested by plaintiff's opposition, the Court rejects this aspect of Rice's motion, which does not seek summary judgment on claims as Fed.R.Civ.P. 56(f) contemplates, does not comply with this Court's Local Rule 7-4.01(E) governing motions for summary judgment, and attempts to shift the summary judgment burden prematurely to plaintiff, the non-moving party. Rice's motion also adopts by reference the arguments set forth in the motion of defendants Husmann and DF Ingredients, which are analyzed further below.

Count I of the first amended complaint[1] is a claim of false advertising under §43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(B). Plaintiff alleges in support of Count I that defendants' use of INTERFOOD and the domain name "interfood.us," and their statements implying a continued relationship with Interfood

---

[1] A first amended complaint was filed on March 31, 2009. The Court construes the pending motions for summary judgment as directed to that pleading. Because the first amended complaint contains no prayer for damages and seeks only injunctive relief, the motions for summary judgment are moot to the extent that they offer arguments directed to claims for damages.

3

Holdings and the Interfood Group, "constitute misrepresentations in commercial advertising or promotion regarding the nature, characteristics or qualities of Defendants' goods and services." First Amended Complaint [Doc. #135], ¶25. Defendants Husmann and DF Ingredients argue that summary judgment is appropriate because plaintiff lacks evidence to support four of the five elements of such a claim, namely that these defendants (as opposed to defendant Rice) made the allegedly false statements, that any statement actually deceived or had a tendency to deceive a substantial segment of its audience, that any statement was likely to influence a consumer's purchasing decision, and that plaintiff has been or is likely to be injured as a result of the statement. Def. Memo. [Doc. #101], pp.4-5.[2]

Plaintiff's response focuses on only one of the four challenged elements, and argues that where, as here, a statement is alleged to be "literally false," actual consumer confusion need not be proved, citing United Industries, 140 F.3d at 1181. This contention is not responsive to the challenge to defendants

---

[2] The elements of this species of claim under §1125(a)(1)(B) are: (1) the defendant made a false statement of fact in commercial advertising or promotion about its own or another's goods, services or commercial activities; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, that is, likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement. See American Italian Pasta Co. v. New World Pasta Co., 371 F.3d 387, 390 (8th Cir. 2004); United Industries Corp. v. Clorox Co., 140 F.3d 1175, 1180 (8th Cir. 1998).

Husmann's and DF Ingredients' role in the making of the statements, to the issue of materiality or to the final element of injury. The Court here specially notes plaintiff's failure to respond to the overarching argument of defendants Husmann and DF Ingredients that Rice, and not they, is the party responsible for all the statements and representations underlying plaintiff's claims, so that there is no basis for liability against Husmann and DF Ingredients. Even without more, this alone is support for summary judgment in favor of Husmann and DF Ingredients on all claims asserted against them in the first amended complaint.[3]

Moreover, the assertedly "literally false" statements plaintiff lists in its opposition to defendants' motions [see Doc. #118, pp.4-5] include only one statement referring to plaintiff and defendant DF Ingredients, and three statements referring to defendant Rice. The remainder of the statements have to do with corporate entities other than the parties to this action. More significantly, none of the statements is a representation (whether false or not) "regarding the nature, characteristics, or qualities of Defendants' goods and services" as is the asserted basis for Count I of the first amended complaint.

---

[3] The Court notes that, despite occasional references to the "dfingredients.com" website in the parties' briefs, the claims as pled in the first amended complaint are not based on any allegations concerning the content of that website, as opposed to the "interfood.us" site.

5

As plaintiff notes, in addition to "goods and services," the statute includes misrepresentations concerning "commercial activities." As pled, however, Count I is based upon defendants' alleged misrepresentations as to defendants' own (rather than plaintiff's) goods and services (not commercial activities). In short, the six statements plaintiff relies upon in support of Count I are not of the sort upon which such a claim can succeed. Allegedly false statements such as these, about the founding of, officers of, and control of various corporate entities, are not the sorts of statements about goods, services, or even commercial activities which are within the scope of the Lanham Act's prohibition.[4] On the record before it, the Court concludes as a matter of law that plaintiff lacks evidence to support a triable issue of fact as to its entitlement to recovery on the claim asserted in Count I.

Count II asserts a claim of trademark infringement and unfair competition under §43(a) of the Lanham Act, based on the allegation that defendants' use of INTERFOOD and the domain name "interfood.us," and their statements implying a continued relationship with Interfood Holdings and the Interfood Group, are likely to cause confusion, mistake or deception as to the source, origin, sponsorship, or approval of DF Ingredients' products and

---

[4] The attention the parties devote to arguments about these issues suggest that such matters of corporate governance are the true crux of their dispute, rather than the trademark issues which are the gravamen of the causes of action asserted in this action.

services.  This claim is brought pursuant to §1125(a)(1)(A).  A common law trademark infringement claim is asserted in Count IV, challenging defendants' use of INTERFOOD in the domain name "interfood.us."  The parties treat Count IV as governed by the same legal standards, facts and arguments as the federal statutory Lanham Act claim in Count II.[5]  The Court will therefore do likewise.

Defendants' arguments concerning Counts II and IV are limited to the trademark INTERFOOD and a Green Triangle logo, and do not address the potential application of §1125(a)(1)(A) or common law trademark principles to defendants' alleged statements implying a continued relationship with plaintiff.  In opposition to the motion, plaintiff, too, omits any reference to these allegations and any argument that Counts II and IV survive summary judgment as to statements implying a continued relationship.  From these circumstances, the Court concludes that Counts II and IV are pursued only as to the use of the INTERFOOD mark.  Further, to the extent that the parties debate the viability of these claims with respect to the use of a Green Triangle logo, the Court now notes (although it failed to do in its analysis of the motion for preliminary injunction) that plaintiff's first amended complaint (as well as the initial complaint before it) contains no mention of or reference to a Green Triangle logo.  The Court therefore construes the pleadings

---

[5] "[T]he Missouri common law action utilizes the same elements as an action under the Lanham Act."  Children's Factory, Inc. v. Benee's Toys, Inc., 160 F.3d 489, 491 n.2 (8th Cir. 1998).

not to predicate any claims upon, or seek relief with respect to, the use of a Green Triangle logo.

As to the merits of Counts II and IV, movants contend that in the absence of evidence of secondary meaning or likely confusion based on use of INTERFOOD, no trademark infringement claim can succeed. Plaintiff counters that the INTERFOOD mark is inherently distinctive, such that secondary meaning is not required to be shown. In support, plaintiff urges an inference from the Patent and Trademark Office's recent action on its application to register a trademark consisting of INTERFOOD with a green triangle symbol. Because the PTO did not object to either INTERFOOD or the green triangle symbol on the basis of descriptiveness or genericness, plaintiff contends that the PTO has found that both components of the trademark are inherently distinctive. The inference plaintiff urges is inapposite and unpersuasive, however, because the trademark application is for a mark consisting of a stylized type of the word INTERFOOD, in which the "T" overlies the letters "N" and "E," in combination with a green triangle. Count II, by contrast, is based on the mere word INTERFOOD alone.

As in its preliminary injunction analysis, the Court remains of the view that INTERFOOD is at best descriptive of an international food company or its product, and cannot be found to be arbitrary, fanciful or suggestive, as those terms are used in the Abercrombie classifications commonly used in trademark analysis. See, e.g., Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 768

8

(1992), *citing* <u>Abercrombie & Fitch Co. v. Hunting World, Inc.</u>, 537 F.2d 4, 9 (2nd Cir. 1976). "A descriptive mark designates the characteristics, qualities, effects, or other features of the product, and is protectable only if shown to have become distinctive, that, shown to have acquired a secondary meaning." <u>Co-Rect Products, Inc. v. Marvy! Advertising Photography, Inc.</u>, 780 F.2d 1324, 1329 (8th Cir. 1985).[6]

Such a classification of INTERFOOD results in the determination that it is not inherently distinctive. <u>Id</u>. at 768-69. Protection under the Lanham Act therefore requires a showing that the mark has acquired secondary meaning. Plaintiff's response to the summary judgment motion demonstrates its inability to make the necessary showing that INTERFOOD has "acquired distinctiveness through extensive use by a single supplier, so that the public would recognize [the word] as identifying the source of the product." <u>Chevron Chemical Company v. Voluntary Purchasing Groups, Inc.</u>, 659 F.2d 695, 702 (5th Cir. 1981).

> To establish secondary meaning, the user must show that the mark or symbol "'by long and exclusive use and advertising...in the sale of [the user's] goods...[has] become so associated in the public mind with such goods...that it serves to identify them and distinguish them from the goods...of others.'"

---

[6] By contrast, the next category in the classification spectrum is suggestive marks, "which require imagination to reach a conclusion as to the nature of the goods." <u>Id</u>.; <u>see</u> <u>also</u> <u>Frosty Treats, Inc. v. Sony Computer Entertainment America, Inc.</u>, 426 F.3d 1001, 1005 (8th Cir. 2005). This is hardly the case where INTERFOOD expressly refers to food as the nature of the goods.

9

Co-Rect Products, 780 F.2d at 1330 (internal citations omitted). Plaintiff demonstrates no ability to offer evidence supporting a case submissible to a jury on this issue.

Plaintiff has no direct evidence in the form of consumer testimony or market surveys to support a finding of secondary meaning. Furthermore, rather than proffer pertinent circumstantial evidence,[7] plaintiff merely asserts that secondary meaning exists because its own customers make repeat purchases and identify the name INTERFOOD as the source of their products, and because the individual defendants, *while working in the dairy industry or for an Interfood Group company*, believed the name had some industry recognition. The Court finds as a matter of law that INTERFOOD is not shown to have trademark protection under the Lanham Act, because it is merely descriptive and cannot be shown to have acquired secondary meaning. As a result, the Court does not reach the issue of consumer confusion. Plaintiff's evidence fails to raise a genuine issue of material fact on threshold elements of its claims in Counts II and IV, and defendants are entitled to summary judgment on these claims.

---

[7] Such evidence would address matters such as "the exclusivity, length and manner of use of the mark; the amount and manner of advertising; the amount of sales and number of customers; the plaintiff's established place in the market; and the existence of intentional copying." Frosty Treats, Inc. v. Sony Computer Entertainment America, Inc., 426 F.3d 1001, 1005 (8th Cir. 2005).

In Count III, plaintiff alleges that the wrongful use of the domain name "interfood.us" violates §43(d) of the Lanham Act because it is identical or confusingly similar to plaintiff's INTERFOOD mark, with bad faith intent to profit from the mark. The relevant statutory provisions, found at §1125(d), are the codification of the Anti-Cybersquatting Consumer Protection Act. On this claim, movants Husmann and DF Ingredients seek summary judgment asserting that it is undisputed that they did not register, traffic in or use the "interfood.us" domain name, as the cause of action requires. Plaintiff's opposition to their motion tacitly concedes this point by citing no evidence to contradict these defendants' disclaimer of any responsibility for the domain name registered and controlled by defendant Rice.

Defendant Rice's motion fails to provide an argument for summary judgment in his favor on the claim of Count III that his use of the "interfood.us" domain name violates §1125(d). Count III as against defendant Rice is not disposed of by the motions for summary judgment and remains pending.

Count V contains a common law claim of injurious falsehood, alleging that defendants have included statements on their website regarding plaintiff which are false and harmful to plaintiff's interest. Defendants argue that Count V is no longer viable after the first amended complaint has removed any prayer for damages from this count. On a claim for injurious falsehood under Missouri law, a plaintiff may recover only for pecuniary or economic

loss, and proof of such a loss is an element of the claim. <u>Wandersee v. BP Products North America</u>, 263 S.W.2d 623, 630 n.3 (Mo.banc 2008). By failing to address Count V in its opposition to the motion for summary judgment, plaintiff appears to concede that the claim is no longer viable for the reasons defendants suggest. Summary judgment in favor of defendants will be granted as to Count V of the first amended complaint.

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion for summary judgment of defendants Husmann and DF Ingredients, Inc. [Doc. #100] is granted as to all claims asserted against them in the first amended complaint.

**IT IS FURTHER ORDERED** that the motion for summary judgment of defendant Rice [Doc. #108] is granted as to Counts I, II, IV and V of the first amended complaint. Count III remains pending as against defendant Rice.

**IT IS FURTHER ORDERED**, in view of the summary judgment to be entered in favor of defendants Michael Husmann and DF Ingredients, that the motion of those defendants to reconsider [Doc. #136] the order granting leave to file the first amended complaint and vacating the trial setting is denied.

Dated this \_\_\_8th\_\_ day of April, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE
