

RECEIVED
JAN - 5 2010
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INTERFOOD HOLDING, B.V., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08-cv-00085 DJS |
| ) | |
| LARRY RICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# RICE'S RESPONSE TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT LARRY RICE'S MOTION FOR SANCTIONS

In "Plaintiff's memorandum in Opposition to Defendant Larry Rices' Motion for [Rule 11] Sanctions" (referred to herein as "Plaintiff's Opposition") Plaintiff admits the lies alleged in Rice's Motion for Sanctions and adds a new layer of lies on top of that, apparently in an effort to justify the previous lies.

## 1.     Date of Employment

1. Plaintiff admits the lie and tries to justify it by stating that there are documents dated in May and June 2003 that make Rice "not a direct employee of Interfood, Inc." but they do make Rice a shareholder in Waltepco Holding Company.

2. Plaintiff and their lawyers know that this is an *additional* statement intended to mislead the Court. Plaintiff and their lawyers know that even though Rice did allow Plaintiff to back-date some documents because Plaintiff claimed it was extremely important for them to do so at the time, Rice did not replace John Walthall as a shareholder of Waltepco Holding Company until much later. In fact Plaintiff's Exhibit

D, copy attached hereto, dated July 30, 2003 says "3) Have you finalized the switch in ownership away from John?" So as of July 30, 2003 John Walthall was still a shareholder, not Rice. In fact the Shareholders Agreement with Rice which is in the record multiple times, was finalized and signed in Holland in mid October 2003.

3. Plaintiff claims that this lie which they refused to retract is "immaterial to Plaintiff's claim" *see* Plaintiff's Opposition, top of page 3. So why is this *immaterial* lie brought up by Plaintiff time and time again? And why didn't they simply correct it when asked to? Could it be that without lies Plaintiff has nothing to complain about... no case at all?

4. Plaintiff's objective is to harass Defendants and wear them down financially and emotionally, so their lies serve Plaintiff's purpose perfectly... as long as there are no sanctions.

5. Plaintiff states that "Any *error* in footnote 5" *see* Plaintiff's Opposition, page 3, line 6. There is a big difference between an "error" and a *lie*, particularly a lie that is repeated over and over again and which Plaintiff admits but refuses to withdraw.

6. "Even if Mr. Rice was not an employee of Interfood, Inc. in the technical sense..." *see* Plaintiff's Opposition, middle of page 4. In the "technical sense"? Is that like being "a little bit pregnant"? Are these lawyers and this law firm so used to lying that they are convinced that it is OK to lie to the Court? Will the Court continue to condone this behavior by not applying sanctions which are sufficiently harsh so as to make these people think twice before they lie to the Court again?

### 2. Plaintiff Misrepresents Its Written Agreement With Defendant Husmann

7. As *proof* that Plaintiff did not intend to deceive the court, Plaintiff points out that *Defendants* filed the Agreement with the court. *See* Plaintiff's Opposition, page 5. Continuing in the middle of page 5 Plaintiff adds that "the agreement does not *prohibit* Mr. Husmann from setting up his own company"... what? How misleading is this? The agreement actually says "3. Michael [Husmann] can begin to set up his own company and can trade for his own account", so this "*does not prohibit Husmann*" is once again an attempt at misleading the Court into thinking that the agreement may not have *prohibited* it, but it certainly didn't sanction it either... which of course is not true.

8. Far from *prohibiting* Husmann from setting up his own company, the agreement specifically gives Husmann permission, or encouragement, to do so. Plaintiff does concede that "Mr. Husmann may have felt encouraged" by the one-year no-compete clause also included in the agreement.

### 3.   Plaintiff Mischaracterizes Defendant Husmann's Deposition

9. Plaintiff admits the misrepresentation but seems to say that it is OK to misrepresent testimony by taking it out of context, as long as the context is attached... the thought is, apparently, that the Judge has nothing better to do than to check every quote for accuracy.

10. Plaintiff concludes that "the intent of the website was to benefit Defendants", never mind that the testimony and the evidence is to the contrary, as Rice would benefit from having the business done through Interfood, Inc. Indiana, whereas Plaintiff effectively killed Interfood, Inc., Indiana owned jointly with Rice, and set up Interfood,

Inc., Delaware owned 100% by Plaintiff, and moved business to that new company.

### 4. Plaintiff Misrepresents Control of Interfood, Inc.

11. Plaintiff asserts that "there is overwhelming evidence supporting Plaintiff's claim that it controlled Interfood, Inc. and its use of the INTERFOOD mark", when in fact Plaintiff *never* controlled, nor attempted to control Interfood, Inc., Indiana until Plaintiff illegally destroyed the company in August 2006.

12. This is exactly the type of lie that needs to be stopped if courts hope to make educated, unbiased judgments.

13. Who the shareholders are is not in dispute here.

14. Who the Board of Directors was while the company was a going concern is also not in dispute, and it was NOT Plaintiff.

15. Could Plaintiff have influenced Interfood, Inc. if they had wanted to? Maybe, but we will never know because they never tried. In fact Defendants, who controlled the Board of Directors, asked Plaintiff for input and never got any. So did Plaintiff control Interfood Inc? Absolutely not.

### 5. The Franklin County Mediation

16. Plaintiff states that "the Franklin County litigation is largely irrelevant to this action", *see* Plaintiff's Opposition, page 7, line3.

17. On line 10 Plaintiff states that "the Franklin County mediation addressed both the Franklin County litigation and the claims in this case." Attachment A hereto is page 202 of the August 13, 2009 hearing regarding the Franklin County mediation in which Plaintiff refused to allow this case to be included because the two cases have "different

issues and different parties", *see* lines 7 through 12.

18, The August 13, 2009 Franklin County Mediation Order states that "The parties to this action are hereby ordered to participate in a mediation of this action."

19. Apparently encouraged by the success of their lies in general, Plaintiff told the Franklin County Court much the same thing as they say here: "that a settlement of all pending claims, including this litigation, has been reached" *see* Plaintiff's Opposition, middle of page 7. Poppycock. This will simply delay the proceedings further and add to the harassment and cost which are Plaintiff's objectives.

### 6.     FRAUD ON THE COURT

20. Plaintiff does not even attempt to deny this section of Rice's Motion, so it should be considered admitted.

### 7.     Plaintiff's opportunity to purge the lies

21. Plaintiff complains that the email and memorandum Rice sent them on November 29, 2009 asking Plaintiff to "correct their filings by removing the lies" [*see* Exhibit A] is not word for word what Rice filed with the court. Indeed the November 29 email and memorandum included fourteen (14) examples of lies included in Plaintiff's Document # 197 and Rice reduced that to four (4) main categories for "RICE'S MOTION FOR RULE 11 SANCTIONS AND MEMORANDUM IN SUPPORT OF SAME" dated December 15, 2009. Plaintiff's complaint is about form over substance, and only the four (4) items contained in Rice's Motion were addressed in Plaintiff's Opposition.

22. If the Court feels that it is necessary to meet the form requirement, Rice hereby requests the Court to consider *Exhibit A* incorporated into Rice's December 15, 2009 filing as the body of the Rule 11 Motion, with the balance being the Memorandum in Support.

### 8.   CONCLUSION

23. Rule 11 is violated if a party or an attorney continues to assert a contention that is no longer tenable. On that basis, Rule 11 sanctions should be imposed in this case. In addition, the public is harmed when an "officer of the court" takes improper advantage of the presumption of honesty to trick the court into otherwise improper actions.

24. Sanctions are warranted to compensate Defendants Rice, Husmann and DF Ingredients for the costs and expenses of defending against Plaintiff's erroneous and misleading statements throughout this case, with the above being only examples; and for their unwarranted continuation of this lawsuit. More importantly, sanctions are required to deter Plaintiff, its subsidiaries and their lawyers from continuing such erroneous lawsuits against other innocent defendants in the future.

25. The Plaintiffs in this case have repeatedly abused the legal system by continuing to pursue lawsuits against innocent defendants after the Plaintiffs knew or should have known that their claims were no longer tenable. Plaintiff is a Billion-dollar-per-year-company and Armstrong Teasdale is one of the largest Saint Louis law firms. It is apparent that strong sanctions are needed in order to achieve deterrence.

26. In this case, the Court should award Defendants all their costs and expenses in defending this lawsuit. In addition, this Court should dismiss all Plaintiff's claims with prejudice.

RESPECTFULLY SUBMITTED,
This 5th day of January, 2010

BY: *Larry Rice*
Larry Rice, pro se
127 Elm Street, suite 201
Washington, MO 63090
Larry@Interfood.us
636-583-0802 ext 106

CERTIFICATE OF SERVICE

I certify that on this 5th day of January, 2010, a true and accurate copy of this document and its attachments were sent via first class mail with adequate postage attached to:

Thomas Cummings
Armstrong Teasdale, LLP
One Metropolitan Square, Suite 2600
St. Louis, MO 63102-2740

Joe D. Jacobson, Esq.
7733 Forsyth Blvd., Suite 700
Clayton, MO 63105

By: *Larry Rice*
Larry Rice, pro se
127 Elm St., suite 201
Washington MO 63090
Tel: (636) 583-0802

### Jeffrey Schultz

| | |
|---|---|
| **From:** | Larry Rice [larry@interfood.us] |
| **Sent:** | Sunday, November 29, 2009 11:29 PM |
| **To:** | Thomas Cummings; Jeffrey Schultz; Bryan Nicholson; Andrew Mayfield |
| **Cc:** | Frank van Stipdonk; Dirk Neerhoff |
| **Subject:** | Rule 11 corrections needed |
| **Attachments:** | 09-11-29 email to AT re lies and Rule 11.doc |

Plaintiff and their lawyers in case No. 4:08-cv-00085 DJS, habitually lie to the court in violation of the rules of professional conduct, ethics, and a number of state and federal rules including but not limited to Rule 11

Defendant Rice hereby requests Plaintiff and their lawyers to individually and jointly apologize to the court and to defendants for this outrageous behavior and correct their filings by removing the lies promptly upon receipt of this communication. If they fail to do so Defendant Rice will be left with no other choice but to follow the remedies suggested by the various related rule.

A partial list of lies included in Document 197 follows, referring to the page number of that document. This list is not exhaustive even for this one document, and any statement not quoted from that document is not necessarily true because it was not as blatant a lie as others. The list is offered even though it is not necessary because the lies have been repetitive and refuted, so Plaintiff and Plaintiff's lawyers can not credibly plead error or mistake; the list is merely indicative of samples of lies from one of the most recent documents submitted:

Page 3: Rice "never told any customer that Interfood, Inc. was dissolved." Your implication is that Interfood, Inc. was dissolved, which is a lie.

Page 3 & 17: "Defendants Husmann and DF Ingredients benefit from web traffic on this website. *Husmann Depo.* p. 101:10 [*Exhibit B*]." That is a lie.

Page 3: DF Ingredients used a green triangle that was "the same green triangle used by Interfood Holding and other members of the Interfood Group", that is a lie.

Page 5: "the PTO examining attorneys, in fulfilling their statutory responsibilities, have on three separate occasions found INTERFOOD to be inherently distinctive.", as to the un-stylized generic word interfood, this is a lie.

Page 6: "this case involves the distinctiveness of INTERFOOD in a very narrow industry – the dairy industry", the implication is that your application for a trademark is the same as what is offered on the DF Ingredients website, this is a lie.

Page 9: "Mr. Rice knew at the time that INTERFOOD was Plaintiff's trademark" lie.

Page 10: "By Defendants' own admission, therefore, INTERFOOD was well-known in the US dairy industry" lie.

Page 11: "enabled it to control the use of the INTERFOOD and the goods and services provided under the mark" lie.

Page 11: Declaration of Dirk Neerhoff, ¶¶ 3-5 [*Exhibit E*] – among other lies which you wrote into this declaration and had your client sign, is the lie that Tepco is a plaintiff in this case... there are others as you well know.

Page 11: "Plaintiff controls, and has always controlled, Interfood, Inc. (the Indiana corporation)" lie.

**EXHIBIT A**

12/27/2009

Page 12: "There was no suggestion that Mr. Husmann establish his own company" lie.

Page 12: "no blessing of the company"

Page 14: "Through corporate ownership, Plaintiff controlled the use of the INTERFOOD mark by Interfood, Inc.,"

Page 15-16, footnote 5: "The agreement making Mr. Rice an employee of Interfood, Inc. was dated June 1, 2003" lie.

Larry Rice
Larry@interfood.us

12/27/2009

To: Armstrong Teasdale
 Thomas Cummings
Andrew B. Mayfield
Jeffrey L. Schultz
Interfood Holding BV
Frank van Stipdonk
Dirk Neerhoff

November 29, 2009

Re: No. 4:08-cv-00085 DJS

Plaintiff and their lawyers in case No. 4:08-cv-00085 DJS, habitually lie to the court in violation of the rules of professional conduct, ethics, and a number of state and federal rules including but not limited to Rule 11

Defendant Rice hereby requests Plaintiff and their lawyers to individually and jointly apologize to the court and to defendants for this outrageous behavior and correct their filings by removing the lies promptly upon receipt of this communication. If they fail to do so Defendant Rice will be left with no other choice but to follow the remedies suggested by the various related rule.

A partial list of lies included in Document 197 follows, referring to the page number of that document. This list is not exhaustive even for this one document, and any statement not quoted from that document is not necessarily true because it was not as blatant a lie as others. The list is offered even though it is not necessary because the lies have been repetitive and refuted, so Plaintiff and Plaintiff's lawyers can not credibly plead error or mistake; the list is merely indicative of samples of lies from one of the most recent documents submitted:

Page 3: Rice "never told any customer that Interfood, Inc. was dissolved." Your implication is that Interfood, Inc. was dissolved, which is a lie.

Page 3 & 17: "Defendants Husmann and DF Ingredients benefit from web traffic on this website. *Husmann Depo.* p. 101:10 [*Exhibit B*]." That is a lie.

Page 3: DF Ingredients used a green triangle that was "the same green triangle used by Interfood Holding and other members of the Interfood Group", that is a lie.

Page 5: "the PTO examining attorneys, in fulfilling their statutory responsibilities, have on three separate occasions found INTERFOOD to be inherently distinctive.", as to the un-stylized generic word interfood, this is a lie.

Page 6: "this case involves the distinctiveness of INTERFOOD in a very narrow industry – the dairy industry", the implication is that your application for a trademark is the same as what is offered on the DF Ingredients website, this is a lie.

Page 9: "Mr. Rice knew at the time that INTERFOOD was Plaintiff's trademark" lie.

Page 10: "By Defendants' own admission, therefore, INTERFOOD was well-known in the US dairy industry" lie.

Page 11: "enabled it to control the use of the INTERFOOD and the goods and services provided under the mark" lie.

Page 11: Declaration of Dirk Neerhoff, ¶¶ 3-5 [*Exhibit E*] – among other lies which you wrote into this declaration and had your client sign, is the lie that Tepco is a plaintiff in this case... there are others as you well know.

Page 11: "Plaintiff controls, and has always controlled, Interfood, Inc. (the Indiana corporation)" lie.

Page 12: "There was no suggestion that Mr. Husmann establish his own company" lie.

Page 12: "no blessing of the company"

Page 14: "Through corporate ownership, Plaintiff controlled the use of the INTERFOOD mark by Interfood, Inc.,"

Page 15-16, footnote 5: "The agreement making Mr. Rice an employee of Interfood, Inc. was dated June 1, 2003" lie.

Larry Rice
Larry@interfood.us

# Case: Interfood, Inc., et al. vs. Larry Rice, et al.

## Transcript of the Testimony of Proceedings

**Date:** August 3, 2009



GorePerry
Reporting & Video

515 Olive Street, Suite 700
St. Louis, MO 63101
Phone: 314.241.6750
1-800-878-6750
Fax: 314.241.5070
Email: schedule@goreperry.com
Internet: www.goreperry.com

*Attachment A*

Case 4:08-cv-00085-DJS   Document 207   Filed 01/05/2010   Page 13 of 15

Interfood, Inc., et al. vs. Larry Rice, et al.                    Proceedings
                                                                   8/3/2009

Page 201

1   entry, whenever it was, that I wanted to talk about
2   ordering the parties to mediation.  We do have a little
3   bit of time before you get cranked up for trial in
4   November and I think this would be an opportune time if
5   there ever was a time and, you know, I would hope the
6   parties would talk before.  I would hope that before you
7   get cranked up and get to spending a lot of money on
8   trial preparation, this might be a good time for the
9   parties to talk again.  Mr. Jacobson, any objection to
10  that?
11           MR. JACOBSON:  No, Your Honor.  I would let the
12  Court know that are the federal court in the federal
13  trademark action at the end of last week issued an order
14  sending the parties back to mediation in front of the
15  same prior mediator and I suppose you should -- you could
16  order us to cover these claims.  Mr. Husmann is no longer
17  a defendant in that case because we obtained summary
18  judgment, the same for DF Ingredients, but Mr. Rice is
19  still a party to that and other members of the Interfood
20  groups are parties to it, but if you order everyone
21  involved.  The federal judge ordered that on this
22  mediation that there be a client representative from the
23  Dutch group actually present in person and hopefully that
24  will make a difference in getting this resolved.
25           JUDGE LYNCH:  That does address an issue of my

www.goreperry.com                    Gore Perry Reporting _ Video
314.241.6750       314.241.5070      schedule@goreperry.com
                                     07b588c0-568c-4d6a-9950-bdb3f930a27e

Case 4:08-cv-00085-DJS    Document 207    Filed 01/05/2010    Page 14 of 15

Interfood, Inc., et al. vs. Larry Rice, et al.                    Proceedings
                                                                   8/3/2009

Page 202

1    concern.  I wanted to make certain that Plaintiffs had a
2    representative with full authority present in person so
3    if that, you know, helps or --
4          MR. CUMMINGS:  First of all, with respect to that
5    issue, that's not a problem.  Our clients have come
6    before for mediation and we're happy to do it again.
7    With respect to the -- With respect to the federal court
8    case, there's a different party in that case, not a party
9    to this case, and so I think that the more appropriate
10   thing to do would be to have a separate mediation for
11   this case, which, you know, has different issues in it
12   and different parties, so -- and I think that's where --
13   Joe and I can -- you know, Mr. Jacobson and I can talk
14   about timing of that.
15         JUDGE LYNCH:  Well, I mean, I want to get it done
16   fairly soon.
17         MR. SCHULTZ:  We do, too.
18         JUDGE LYNCH:  I think, you know, within the next,
19   you know, three weeks or a month.  I realize you've got
20   to get schedules turned around and everything, but it
21   seems like to me it needs to be done fairly soon.
22         MR. CUMMINGS:  That would be our preference also,
23   Judge, because it's not something we want to delay on.
24         JUDGE LYNCH:  If, obviously, we're not able to
25   agree on the federal mediator, do you think you all can

www.goreperry.com                      Gore Perry Reporting _ Video
314.241.6750        314.241.5070       schedule@goreperry.com
                                       07b588c0-568c-4d6a-9950-bdb3f930a27e

| | |
|---|---|
| From: | Larry Rice <larry@interfood.us> |
| Sent: | Wednesday, July 30, 2003 1:34 PM |
| To: | Dirk Neerhoff <Dirk.Neerhoff@Interfood.NL> |
| Subject: | Re: Coface credit insurance |

Thanks Dirk,

1) Please add the following people for us:
Edna Robinson - Accountant
Larry Rice - Gen Mgr.

2) We have located a usable office in Union and are in the process of getting phones and furniture. Should be all set up before the end of August. Will send info when phones arte working.

Then we can start on our web page with links to yours... can you have some items emailed to me to include on our page?

3) Have you finalized the switch in ownership away from John?

Regards,
Larry

TBV17260
CONFIDENTIAL

EXHIBIT D