UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **INTERFOOD HOLDINGS, B.V.,** )<br>)<br>            **Plaintiff,** )<br>)<br>    vs.                                          )<br>)<br>**LARRY RICE, et al.,**                  )<br>)<br>            **Defendants.**       ) | No. 4:08CV85-DJS |

### ORDER

On January 18, 2008, plaintiff Interfood Holdings, B.V., filed a complaint in this Court asserting claims under the Lanham Act for false and deceptive advertising, trademark infringement, and unfair competition against defendants Larry Rice, Michael Husmann, and DF Ingredients, Inc.  Doc. #1.  Defendants moved for summary judgment on the complaint in November, 2008.  Docs. #100, 108.  On April 8, 2009, the Court granted summary judgment for defendants Husmann and DF Ingredients as to all of the claims asserted against them, and for defendant Rice as to all counts except count three.  Doc. #140.  The Court entered a partial judgment in accordance with that order on the same day.  Doc. #141.

Now before the Court are defendants Husmann and DF Ingredients' motion for costs [Doc. #145] and motion for attorney's fees [Doc. #146].  Plaintiff's motion to strike [Doc. #148] these motions is also before the Court.  These matters have been fully briefed and are ready for disposition.

**Motions for Attorney's Fees and Costs**

The American Rule regarding attorney fees is that parties must bear their own attorney fees absent a specific statutory provision shifting such costs. <u>Aromatique, Inc. v. Gold Seal, Inc.</u>, 28 F.3d 863, 876 (8th Cir. 1994). In this case, defendants Husmann and DF Ingredients have submitted a request for attorney fees pursuant to 15 U.S.C. § 1117, which states that in an infringement suit, a court "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Defendants have also submitted a motion for costs. Under the Federal Rules, costs should be allowed to the prevailing party after final judgment has been entered. Fed.R.Civ.P. 54.

In this case, final judgment has not yet been entered. The Court issued a partial judgment on some, but not all, of the claims before it. The Court's partial judgment did not grant final judgment on those claims, and thus, the Court's partial judgment may be revised at any time before a judgment adjudicating all of the claims has been entered. Accordingly, defendants' motions for attorney's fees and costs are premature and will be denied without prejudice to refiling at the time a final judgment is entered.

**Motion to Strike**

In addition to responding to defendants' motions for attorney's fees and costs, plaintiff moved to strike those motions. In light of the Court's rulings on defendants' motions, the Court will deny plaintiff's motion to strike.

For the above-stated reasons,

**IT IS HEREBY ORDERED** that defendants Michael Husmann and DF Ingredients, Inc.'s motion for costs [Doc. #145] and motion for attorney's fees [Doc. #146] are denied, without prejudice to refiling when final judgment is entered.

**IT IS FURTHER ORDERED** that plaintiff Interfood Holding, B.V.'s motion to strike [Doc. #148] is denied.

Dated this   4th   day of March, 2010.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE